IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 21-00207-KD-MU |
| ) | |
| ROOSEVELT THOMPSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the Motion for Calculation of a Term of Imprisonment and document in support filed by Defendant Roosevelt Thompson (docs. 52, 52-1). Upon consideration, and for the reasons set forth herein, the Motion is dismissed for lack of jurisdiction.

In February 2022, Thompson was arrested on a Federal indictment for drug related offenses. He pled guilty to the offense of possession with intent to distribute a controlled substance. In May 2023, he was sentenced to a term of 120 months (doc. 49, Judgment). After sentencing, he was returned to the State of Alabama for further proceedings on his state charge for assault first degree. In June 2024, he was sentenced to time served. At the time he filed the instant Motion, Thompson was incarcerated at the Baldwin County Correctional Facility awaiting transfer to the Federal Bureau of Prisons. Thompson is now incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma.

Thompson moves pursuant to 18 U.S.C. § 3585 for recalculation of his 120-month sentence because he has "completed 38 months" (doc. 52). Thompson seeks an order granting him credit for time spent in state and federal custody since his arrest in February 2022.

However, decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. 18 U.S.C. § 3585(b). United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). The Supreme Court has held that "'§ 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)).

Thus, Thompson may ask the Bureau of Prisons to credit his time spent in custody. United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018). If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." Leverette, 721 Fed. Appx. at 917 (Citing 28 C.F.R. § 542.10, *et seq*).  If he is dissatisfied with the calculation of credit after he has exhausted the administrative remedy procedures through the BOP, he may seek judicial review of the calculation by way of a petition pursuant to 28 U.S.C. § 2241. Id.  Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement. Id.  Additionally, a § 2241 petition must be filed in the district court for the district where Thompson is incarcerated.  Since he is now incarcerated at FTC Oklahoma City in Oklahoma, this Court would not have jurisdiction to hear his § 2241 petition.

**DONE** and **ORDERED** this 20th day of May 2025.

                                                **s / Kristi K. DuBose**
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES DISTRICT JUDGE**